**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD MAGRUDER,<br><br>Defendant. | Criminal Action No. 19-203 (CKK) |

**MEMORANDUM OPINION**
(July 20, 2020)

In this criminal action, Defendant Edward Magruder pled guilty to unlawful possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant Magruder and the Government agreed that a sentence of 144 months to 180 months of incarceration, followed by five years of supervised release, was an appropriate sentence. Prior to sentencing, Defendant Magruder has filed a Motion to Withdraw Guilty Plea. ECF No. 27. Defendant Magruder argues that he should be permitted to withdraw his guilty plea because he had ineffective assistance of counsel based on his prior counsel's failure to obtain a particular item of discovery and because he was coerced into accepting the Rule 11(c)(1)(C) plea. The Government opposes withdrawal of the guilty plea.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. to Withdraw Guilty Plea ("Def.'s Mot.), ECF No. 27;
- Gov.'s Opp'n to Def.'s Mot. to Withdraw Guilty Plea ("Gov.'s Opp'n"), ECF No. 28;
- Def.'s Reply to Opp'n to Mot. to Withdraw Guilty Plea ("Def.'s Reply"), ECF No. 29;
- Def.'s Suppl. to Mot. to Withdraw Guilty Plea ("Def.'s Suppl."), ECF No. 30;
- Gov.'s Suppl. to Opp'n to Def.'s Mot. to Withdraw Guilty Plea ("Gov.'s Suppl."), ECF No. 31; and

whole, the Court DENIES Defendant Magruder's Motion to withdraw his guilty plea. The Court concludes Defendant Magruder has not presented a fair and just reason for granting the withdrawal.

## I. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 11, a defendant is permitted, before a sentence is imposed, to withdraw a guilty plea if the defendant can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While presentence withdrawal motions should be "'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Thomas*, 541 F. Supp. 2d 18, 23 (D.D.C. 2008) (quoting *United States v. Ahn*, 231 F.3d 26, 30 (D.C. Cir. 2000)). When ruling on a motion to withdraw a guilty plea, courts in this Circuit consider the following factors:[2] "(1) whether the defendant asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *United States v. Taylor*, 139 F.3d 924, 929 (D.C. Cir. 1998) (internal quotation marks omitted). The third factor is viewed as the "most important." *Id.* (internal

- Def.'s Reply to Gov.'s Suppl. to Opp'n to Mot. to Withdraw Guilty Plea ("Def.'s Reply to Supp."), ECF No. 32.

[2] Defendant Magruder argues that these factors are not applicable because they are "considered by the Appellate Court to determine if the court abused its discretion in not permitting a defendant to withdraw his guilty plea." Def.'s Reply, ECF No. 29, 1. While the United States Court of Appeals for the District of Columbia Circuit does consider these factors in such a context, a number of district courts have still applied the factors when determining whether or not a defendant has shown a fair and just reason for withdrawal of a guilty plea. *See, e.g., United States v. Thomas*, 541 F. Supp. 2d 18, 23 (D.D.C. 2008) ("[C]ourts look at [these] factors in deciding whether to grant a motion to withdraw a plea."); *United States v. Sibblies*, 562 F. Supp. 2d 1, 3 (D.D.C. 2008) (same); *United States v. Tolson*, 372 F. Supp. 2d 1, 9 (D.D.C. 2005) ("The D.C. Circuit has recently reiterated this jurisdiction's longstanding rule that a court adjudicating a motion to withdraw a guilty plea prior to sentencing must consider [these factors].").

quotation marks omitted). In the present case, the Government does not claim that it would be "substantially prejudiced" by the withdrawal of Defendant Magruder's guilty plea. Gov.'s Opp'n, ECF No. 28, 9 n.5. Therefore, this analysis focuses on the first and third factors, beginning with the third factor as it is the most influential. *See United States v. Cray*, 47 F.3d 1203, 1208 (D.C. Cir. 1995) (adopting "more structured inquiry-focusing first on the most important, indeed determinative factor").

## II. FACTUAL BACKGROUND

On June 10, 2019, a criminal complaint was filed against Defendant Magruder, stating that he violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) by possessing with intent to distribute a mixture and substance containing one kilogram or more of heroin. ECF No. 1. That same day, Defendant Magruder was arrested and made an initial appearance before Magistrate Judge Robin Meriweather. Defendant Magruder was appointed counsel and was held in temporary detention. On June 13, 2019, a detention hearing was held before Magistrate Judge Meriweather, and Defendant Magruder consented to detention.

On June 24, 2019, this Court held its first status conference with Defendant Magruder. Defense counsel indicated that he had received but had not yet reviewed the discovery and requested an additional 30 days. June 24, 2019 Minute Order. The Court held the next status conference on August 1, 2019, during which Defense counsel requested additional time to review discovery and to determine how to proceed. Aug. 2, 2019 Minute Order. The parties returned to the Court on September 13, 2019. At this time, Defendant Magruder indicated that he intended to proceed to trial and the Court ordered the parties to propose pre-trial deadlines. Sept. 13, 2019 Minute Order. Also on that day, the Court ordered the Probation Office to complete a

criminal history calculation so that the parties would have access to the relevant information on the advisory sentencing guidelines prior to trial. ECF No. 6.

When the parties returned to the Court for a status conference on October 4, 2019, Defense counsel indicated that Defendant Magruder had been provided with a plea offer. Defendant Magruder required additional time to consider the plea offer. Oct. 4, 2019 Minute Order.

On October 8, 2019, the parties conducted another status conference. At this status conference, Defendant Magruder indicated that he intended to accept the Government's plea offer. The plea offer, which was later formally accepted, was a Rule 11(c)(1)(C) plea of 144 to180 months, with a mandatory minimum of 10 years. Oct. 8, 2019 Minute Order. During the status conference, Defense counsel explained that "Mr. Magruder appears to have at least two prior convictions that, if the Government had filed the 851 notices, would have put him in jeopardy of receiving a mandatory minimum term of incarceration of 25 years." Tr. Oct. 8, 2019, ECF No. 19, 4:20-23. Even absent a 21 U.S.C. § 851 notice, the Government stated that if Defendant Magruder pled to the indictment his advisory sentencing guidelines range would be 262 to 327 months, with a mandatory minimum of 10 years. *Id*. at 6:14-15. Defense counsel explained that the plea offer would reduce the incarceration time "a considerable amount." *Id*. at 5:1. Defendant Magruder affirmed that he had received and reviewed the evidence against him. *Id*. at 5:6-9.

During the next October 22, 2019 status conference, the Court explained the Probation Office's findings on Defendant Magruder's criminal history calculation. The Court also stated that, as a career offender, Defendant Magruder would likely be eligible for a 21 U.S.C. § 851

notice by the Government, increasing the mandatory minimum sentence to 25 years. During the status conference, Defendant Magruder expressed some confusion as to the Rule 11(c)(1)(C) plea. Tr. Oct. 22, 2019, ECF No. 20, 7:13-14. The Court explained that Defendant Magruder faced a mandatory minimum of 10 years based on his charge. If the Government filed a 21 U.S.C. § 851 notice, for which it appeared Defendant Magruder was eligible, the mandatory minimum would move up to 25 years. *Id*. at 8:3-20. The Court stated that it had no control over the mandatory minimums and could not sentence Defendant Magruder to a lesser sentence than the mandatory minimum. *Id*. at 9:3-4. The Court further explained that if the Rule 11(c)(1)(C) plea was accepted, Defendant Magruder's sentence would have to be between 144 and 180 months. *Id*. at 8:11-15. The Court explained to Defendant Magruder "this is your decision. Your counsel can go over the evidence with you, can go over what the choices are that you have, what the consequences are, can give you advice; and you can decide to accept it or not." *Id*. at 12:12-15. After reviewing the effect of the plea offer, Defendant Magruder confirmed that all requested discovery had been provided. *Id*. at 12:5-9. Defendant Magruder further stated that he was prepared to go forward with the plea agreement. *Id*. at 13:14-17.

On October 25, 2019, Defendant Magruder was placed under oath and pled guilty, accepting the Rule 11(c)(1)(C) plea agreement, setting a sentence of 144 to 180 months. ECF No. 13. The Court accepted the plea but held in abeyance accepting the proposed sentence until after the Court could review the presentence report.

On November 20, 2019, the Court received a letter from Defendant Magruder which was dated October 25, 2019. ECF No. 17. In the letter, Defendant Magruder stated that he was not satisfied with his prior counsel based, in part, on his counsel's alleged failure to properly

investigate the case. Defendant Magruder also expressed some confusion as to whether or not his plea agreement contained a mandatory minimum of 10 years. *Id.* That same day, Defendant Magruder's counsel filed a motion to withdraw. ECF No. 15.

On December 2, 2019, the Court appointed Defendant Magruder new counsel and set another status conference in the case, allowing new counsel adequate time to prepare. The Court further stayed the deadlines for the sentencing briefing. Dec. 6, 2019 Minute Order. On December 12, 2019, the Court held a status conference where Defendant Magruder was represented by his new counsel. Defendant Magruder expressed that he was satisfied with his new counsel. The Court set a further status conference to allow Defendant Magruder time to speak with his new counsel about how to proceed. Dec. 12, 2019 Minute Order. On January 27, 2020, the Court held another status conference at which Defendant Magruder indicated his intention to file a motion to withdraw his guilty plea. The Court set a briefing schedule. Jan. 27, 2020 Minute Order.

Prior to the filing of a motion to withdraw his guilty plea, Defendant Magruder's new counsel filed a motion to withdraw due to a fundamental disagreement on the posture of the case. ECF No. 21. On March 6, 2020, the Court granted the motion to withdraw and again appointed new counsel for Defendant Magruder. Mar. 6, 2020 Minute Order. The Court further vacated the briefing schedule for the motion to withdraw and set a new status conference date. *Id.*

Prior to the next status conference, the Court was hindered by the COVID-19 restrictions. In Re: Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic, Standing Order 20-9(BAH), Mar. 16, 2020. The Court ordered Defendant Magruder to file a notice indicating if he intended to proceed with moving to withdraw his guilty plea so that the

Court could set further proceedings. Mar. 17, 2020 Minute Order.

On May 6, 2020, Defendant Magruder filed a Notice indicating his intent to move to withdraw his guilty plea. ECF No. 26. The Court set a briefing schedule for Defendant Magruder's Motion to withdraw his guilty plea, and that motion is currently before the Court. ECF No. 27.

## III. DISCUSSION

Defendant Magruder contends that he should be able to withdraw his guilty plea because his prior counsel was ineffective for failing to discover a particular piece of discovery and because he was coerced into accepting a Rule 11(c)(1)(C) plea. The Court concludes that neither argument provides grounds for withdrawing his guilty plea.

### A. Tainted Plea

If a plea is tainted because it was entered unconstitutionally, or contrary to Rule 11 procedures, then the "standard [for allowing withdrawal of a plea] is very lenient." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). Under such circumstances, pleas "should almost always be permitted to be withdrawn," regardless if the defendant asserted his legal innocence. *Id*. A plea is "constitutionally valid" only if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. McCoy*, 215 F.3d 102, 107 (D.C. Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)) (internal quotation marks omitted).

First, Defendant Magruder argues that his plea was tainted because it was not voluntary or intelligent due to his prior counsel's failure to properly investigate at least one piece of discovery. To withdraw a guilty plea on the basis of ineffective assistance of counsel, a

defendant must satisfy the two-prong test introduced in *Strickland v. Washington*, 466 U.S. 688 (1984). First, the defendant must show that the "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688-89. Second, the defendant must prove that "the deficient performance prejudiced the defense." *Id.* at 687.

As the first step under *Strickland*, Defendant Magruder must show that his prior counsel's performance was deficient. To show deficient performance, Defendant Magruder must demonstrate that his "counsel's performance 'fell below an objective standard of reasonableness' by identifying specific 'acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Taylor*, 139 F.3d at 929 (quoting *Strickland*, 466 U.S. at 687-88). It is well-established that an attorney has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Therefore, if the alleged deficient conduct is a failure to fully investigate, then the attorney's decision "must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgment." *Id.*

In the present case, Defendant Magruder represents that his prior counsel was deficient by failing to provide him with the relevant discovery; namely, a May 10, 2019 affidavit that was submitted in support of the warrant to obtain his geolocation data. Def.'s Mot., ECF No. 27, 4-5. Defendant Magruder states that he received the affidavit only after the plea hearing and upon communicating with counsel for the Government. Def.'s Reply, ECF No. 29, 2. Therefore, Defendant Magruder claims that his guilty plea "was not a knowing plea without the full gambit of material which only recently came to light." *Id.*

For purposes of this Memorandum Opinion, the Court will assume that Defense counsel's

failure to provide Defendant Magruder with relevant discovery—the May 10, 2019 affidavit—was deficient. However, the Court finds that Defendant Magruder cannot show the second *Strickland* prong—that he was prejudiced by this error. To show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In circumstances where the counsel's deficient conduct is a "failure to investigate or discover potentially exculpatory evidence, the determination of whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id*. This inquiry "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id*.

Defendant Magruder argues that if he had been provided the May 10, 2019 affidavit, he could have identified two errors. First, that the seven outgoing calls made to the phone of Mr. Jhon Jairo Mosquera-Asprilla, a Colombian drug contact, occurred in March 2019, not in April 2019; and second, that the claimed 16-minute call between Defendant Magruder and Mr. Mosquera-Asprilla on April 22, 2019, actually occurred for 13.5 minutes on March 22, 2019. Def.'s Mot., ECF No. 27, 5. According to Defendant Magruder, the discovery of these errors would have led him to file "a motion to suppress the warrant with a viable *Frank's* issue ultimately defeating the probable cause leading to the signing off on the warrant." *Id*. at 7. Lacking probable cause for a warrant, Defendant Magruder contends that he would have been "in a position to suppress the drugs seized on June 8, 2019, and he would have been in a position to have the charge dismissed against him." *Id*.

The Court disagrees with Defendant Magruder's theory. Under *Franks v. Delaware*, in

9

order to successfully challenge an affidavit, the defendant must show that the false statements in the document were made by the affiant "knowingly and intentionally, or with reckless disregard for the truth" and that the false statements were "necessary to the finding of probable cause." 438 U.S. 154, 155 (1978). Notably, "[a]llegations of negligence or innocent mistake are insufficient." *Id.* at 171; *see also United States v. Lopez*, No. 1:17-CR-269, 2018 WL 1290415, at *10 (N.D. Ohio Mar. 13, 2018), *aff'd*, 769 F. App'x 288 (6th Cir. 2019) (holding a single false statement is insufficient to support a *Franks* hearing); *United States v. West*, 503 F. Supp. 2d 192, 194 (D.D.C. 2007) (refusing a *Franks* hearing where the mistake in the affidavit was small and not material); *United States v. Ali*, 870 F. Supp. 2d 10, 32 (D.D.C. 2012) (denying a *Franks* hearing where potentially negligent omissions in an affidavit were not material).

Though Defendant Magruder established that the affidavit contained two errors, Defendant Magruder does not cite to any legal authority that suggests these errors would have been sufficient for a *Franks* motion. Defendant Magruder merely alleges that the errors were a "deception on the part of the [affiant], not a reasonable belief." Def.'s Reply, ECF No. 29, 5. Nonetheless, the nature of the errors suggests that they were "typographical errors," as the Government states in its opposition. Gov.'s Opp'n, ECF No. 29, 6 n.4. The affiant wrote "April," rather than "March," and "16-minutes," instead of "13.5 minutes." Defendant Magruder has further failed to show that these small errors were in any way material to the finding of probable cause. That the calls were made a month prior and that one of the calls lasted approximately two and a half minutes less than stated is unlikely to defeat probable cause. Such errors, while avoidable and possibly negligent on the part of the affiant, do not meet the high standard set forth in *Franks*. Therefore, despite Defense counsel's failure to discover these errors, Defendant

10

Magruder has not proven that he was prejudiced by this failure as his *Franks* motion would have likely been denied. *United States v. Holland*, 117 F.3d 589, 594 (D.C. Cir. 1997) (noting a lawyer is not ineffective if he fails to file a frivolous motion).[3]

In addition to arguing that disclosure of the May 10, 2019 affidavit would have led to the suppression of probable cause for the warrant, Defendant Magruder also argues that if he had seen the affidavit earlier, he could have requested access to his phone records to show that the March 22, 2019, 13.5-minute phone call to Mr. Mosquera-Asprilla did not happen. When Defendant Magruder recently requested his phone records, he was informed that the phone company does not maintain records for more than one year. As such, Defendant Magruder argues that he "lost the chance to defend himself and potentially present to the Court evidence that the Affidavit contained materially false averments resulting in no probable cause for the geolocation data warrant, namely that no call was made in March to Mosquera's number." Def.'s Mot., ECF No. 27, 5.

However, Defendant Magruder provides no evidence in support of his argument that the March 22, 2019, 13.5-minute phone call did not occur. His argument is entirely speculative. The Government has produced telephone records showing that on March 22, 2019, Defendant Magruder called Mr. Mosquera-Asprilla's phone number and that the call lasted approximately 13.5 minutes. *See* Ex. 2, ECF No. 28-2. Defendant Magruder's base speculation is insufficient to

---

[3] The Court notes that the case cited in Defendant Magruder's supplement, *United States v. Jones*, 565 U.S. 400 (2012), does not change this analysis. *See* ECF No. 30. *Jones* concerned the installation of a Global-Positioning-System ("GPS") tracking device on a vehicle for approximately 28 days without a valid warrant. *See generally* 565 U.S. 400. Defendant Magruder contends that *Jones* stands for the proposition that "even with a warrant, GPS monitoring for more than 28 days is unconstitutional." ECF No. 30, 2. However, Defendant Magruder misreads *Jones* as it made no findings as to the constitutionality of GPS tracking with a warrant.

overcome the Government's evidence that he made a 13.5-minute phone call to the number in question on March 22, 2019. As such, Defendant Magruder has failed to show that he was prejudiced by his inability to access his own phone records due to the lapse in time.

In addition to finding that Defendant Magruder's lack of access to this discovery material does not constitute a *Strickland* violation which tainted his plea, the Court further finds that such violation does not render Defendant Magruder's plea not knowing or voluntary. At the October 25, 2019 plea hearing, the Court conducted a thorough inquiry with Defendant Magruder, explained the rights that he was waiving through pleading guilty, and reviewed the terms of the plea agreement. *See generally* Ex. 3, ECF No. 28-3. The Court ensured that Defendant Magruder was competent. The Court further specifically inquired as to whether or not Defendant Magruder had reviewed the plea materials with Defense counsel. *Id*. at 7:5-11. Under oath, Defendant Magruder affirmed that he was "completely satisfied with the services of [his] attorney." *Id*. at 7: 24-8:1.

Moreover, as has been explained, Defendant Magruder has pointed to no material discovery which was not provided to him. On October 22, 2019, Defendant Magruder affirmed that every item of discovery that he or his prior counsel had requested had been provided. Tr. Oct. 22, 2019, ECF No. 20, 12:1-9. Now, the only specific discovery that Defendant Magruder argues he should have received is the May 10, 2019 affidavit. However, this affidavit, and the errors contained in it, were not material as it does not tend to show that Defendant Magruder was innocent or that probable cause did not exist for the warrant. Additionally, the Government has provided evidence that Defendant Magruder's prior counsel was provided with all the relevant discovery, including the same phone records that were provided to his current counsel for the

12

purposes of this Motion showing that Defendant Magruder made the calls to Mr. Mosquera-Asprilla. *See* Exs. 5, 6, 7, ECF No. 31-1.[4]

Second, Defendant Magruder argues that his plea was tainted because he was "coerced into accepting the plea because the prosecution threatened to file an 18 U.S.C. § 851 enhancement to his mandatory minimum which would have increased the mandatory minimum he was facing." Def.'s Reply, ECF No. 29, 3. Additionally, Defendant Magruder asserts that he "thought he had no choice but to accept such an offer rather than seek to negotiate an open ended plea which would have given him the chance to argue for a sentence of 10 years rather than be limited to not less than 12 years." *Id.*

Defendant Magruder offers no legal support for the suggestion that the presence of an enhancement would convert a valid guilty plea into an involuntary one. In this Circuit, "[o]nly physical harm, threats of harassment, misrepresentation, or . . . 'bribes' . . . render a guilty plea legally involuntary." *United States v. Pollard*, 959 F.2d 1011, 1021 (D.C. Cir. 1992) (quoting *Brady v. Unites States*, 397 U.S. 742, 750 (1970)). Additionally, other courts have held contrary to Defendant Magruder's proposition. *See, e.g., United States v. Felice*, 272 F. App'x 393, 396 (5th Cir. 2008) ("Threats regarding additional charges or enhanced penalties are accepted practices in plea negotiations and are not considered the kinds of threats which undermine the voluntariness of a guilty plea."); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (noting that while "confronting a defendant with the risk of more severe punishment clearly may have a

---

[4] In Defendant Magruder's Reply to the Government's Supplement, Defense counsel contends that she has not received all of the discovery from Defendant Magruder's prior counsel, so she is unsure exactly what discovery material was not provided prior to Defendant Magruder's guilty plea. Def.'s Reply to Supp., ECF No. 32. However, current Defense counsel agrees that the relevant phone records were provided to prior Defense counsel before Defendant Magruder's guilty plea. *Id.*

discouraging effect on defendant's assertion of his trial rights, the imposition of these difficult choices [is] inevitable … and permissible"). Moreover, at his plea hearing, Defendant Magruder answered "no" under oath when asked by the Court if "[a]nyone forced, threatened or coerced [him] in any way into entering this plea of guilty." Ex. 3, ECF No. 28-3, 40:2-4. As a result, Defendant Magruder has failed to establish a claim of coercion.

Additionally, the Government has produced evidence showing that if Defendant Magruder declined to accept the Rule 11(c)(1)(C) plea, the Government intended to file the 21 U.S.C. § 851 enhancement. Ex. 5, ECF No. 31-1. The Government has also provided evidence that Defense counsel asked at least twice if the Government would agree to a plea below 140 to180 months, and the Government stated, "I can't go lower than 12-15." Ex. 4, 2, ECF No. 31-1. The Government noted that even if an enhancement was not filed and Defendant Magruder elected to plead to the indictment, Defendant Magruder's guidelines range would be 262 to 327 months, significantly higher than what was agreed to in the Rule 11(c)(1)(C) plea. Ex. 3, ECF No. 31-1.

And, prior to accepting the plea, Defendant Magruder had multiple opportunities to ask questions about his plea offer. The Court explained to Defendant Magruder the effects of the Rule 11(c)(1)(C) plea on the mandatory minimums. On October 22, 2019, prior to the plea hearing, the Court explained, "As to the two ranges that would be associated for you to make a decision how reasonable it is, frankly, to decide to accept or not accept the 144 to 180. If you do the—if you turn out to be a career offender, you are at offense level 37, category VI; and that's 262 to 327 months, with a large fine." Tr. Oct. 22, 2019, ECF No. 20, 10:1-6. Without career offender status, the guidelines sentence was 120 to 150 months. *Id*. at 10:7-10. The Court

explained that with the Rule 11(c)(1)(C) plea "you are agreeing to something that sort of straddles, to some degree, these." *Id*. at 10:11-12.

Additionally, during the plea hearing Defendant Magruder affirmed that he viewed the plea materials individually and with his prior counsel. Ex. 3, ECF No. 28-3, 7:5-11. He further indicated that he had enough time to review the plea materials and to consider fully the offer. *Id*. at 8:2-7. Defendant Magruder also affirmed that he had discussed with his prior counsel the mandatory minimum and the increased mandatory minimum if the Government filed the enhancement. *Id*. at 25:1-10. Defendant Magruder indicated that he understood that his plea sentencing guideline range straddled the 262 to 327 months he would face as a career offender and the 120 to 150 months he would face if he was not a career offender. *Id*. at 28:4-14. The Court notes that the Probation Office made a finding that Defendant Magruder would qualify as a career offender, and Defendant Magruder did not dispute this finding in any of his hearings or pleadings. As such, Defendant Magruder's status as a career offender is unrebutted. Defendant Magruder also stated that he had talked to his prior counsel about the sentencing guidelines and how they would apply in his case. *Id*. at 28:15-18. Defendant Magruder indicated that he understood that, without the Rule 11(c)(1)(C) agreement, he could be given a different sentence which, if a variance was granted, could be below the sentencing guidelines range but not below the mandatory minimum. *Id*. at 29:15-24. Defendant Magruder stated the ramifications of accepting or not accepting the plea had been explained by his prior counsel. *Id*. at 30:4-8. Defendant Magruder was repeatedly advised of his possible sentencing ranges and the ramifications of accepting his plea. Defendant Magruder has failed to show that his decision to accept the Rule 11(c)(1)(C) plea was not knowing or voluntary.

For these reasons, the Court concludes that Defendant Magruder's plea was not tainted.

## B. Viable Defense

Under the first factor, a defendant seeking to withdraw a guilty plea "must make out a legally cognizable defense to the charge against him." *McCoy*, 215 F.3d at 106 (quoting *Cray*, 47 F.3d at 1207) (internal quotation marks omitted). A "general denial" is insufficient; instead, the defendant must "affirmatively advance an objectively reasonable argument that he is innocent, for he has waived his right simply to try his luck before a jury." *McCoy*, 215 F.3d at 106 (quoting *Cray*, 47 F.3d at 1207) (internal quotation marks omitted). In *United States v. Thomas*, the court held that while the defendant claimed to have "steadfastly proclaimed his innocence," the defendant's own "admissions weakened his assertion of innocence." 541 F. Supp. 2d at 28 (noting defendant admitted to knowingly possessing marijuana, selling marijuana to an undercover police officer within 1,000 feet of a school, and possessing a loaded firearm). Conversely, in *United States v. McCoy*, the court found that the defendant had "adequately presented cognizable defenses to the charges against him, " as he "consistently argued that the police mistakenly identified him as the seller," and "maintain[ed] that he did not know [his co-defendant] intended to sell cocaine base." 215 F.3d at 106-07.

Here, Defendant Magruder claims that he asserted a "legally cognizable defense to [his] offense" because "without the evidence law enforcement seized at the time [he] had been stopped and arrested, the government would have had no physical evidence to support their charges." Def.'s Reply, ECF No. 29, 3. In other words, if Defendant Magruder had the opportunity to "review and study the full discovery," he would have "discovered viable arguments to present in a motion to suppress the warrant" that led to the search and seizure of the

16

drugs and his arrest. *Id.* at 4.

While Defendant Magruder does assert a potential defense—the filing of a *Franks* motion to suppress a warrant—Defendant Magruder's understanding of this factor is misplaced. Even when a court views this factor under the lens of "legally cognizable defense," as opposed to "viable claim of innocence," a defendant still needs to "affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Robinson*, 587 F.3d 1122, 1131 (D.C. Cir. 2009); *see also Cray*, 47 F.3d at 1209 ("A defendant appealing the denial of his motion to withdraw a guilty plea . . . must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent."); *United States v. Sibblies*, 562 F. Supp. 2d 1, 6 (D.D.C. 2008) (concluding that "deprecating the government's evidence amounts to only a general denial of guilt or an argument that the government could not prove its case").

Here, it is undisputed that Defendant Magruder does not allege actual innocence. Instead, Defendant Magruder argues that but for his prior counsel's ineffective assistance he could have filed a *Franks* motion to suppress the warrant. Without so much as a general denial of guilt, the Court finds that this factor does not support a withdrawal of Defendant Magruder's guilty plea. *See U.S. v. Curry*, 494 F.3d 1124, 1129 (D.C. Cir. 2007) (faulting the defendant where his brief "does not include a single sentence declaring that he is actually innocent or disclaiming his admission of guilty at the plea proceeding").

Even if the Court were to assume that Defendant Magruder is not required to assert actual innocence and that a legally cognizable defense is sufficient, the Court concludes that Defendant Magruder has also failed to assert a legally cognizable defense. As the Court previously

explained, in order to prevail on a *Franks* motion to suppress a warrant, a defendant must show that any false statements in an affidavit were made "knowingly and intentionally, or with reckless disregard for the truth" and were "necessary to the finding of probable cause." *Franks*, 438 U.S. at 155. Here, Defendant Magruder has cited only two mistakes in the May 10, 2019 affidavit. First, that the seven outgoing calls made to Mr. Mosquera-Asprilla's phone occurred in March 2019, not in April 2019; and second, that the claimed 16-minute call between Defendant Magruder and Mr. Mosquera-Asprilla on April 22, 2019, actually occurred for 13.5 minutes on March 22, 2019. Def.'s Mot., ECF No. 27, 5. As the Court previously explained, these mistakes are not material mistakes, and Defendant Magruder has provided no evidence that the mistakes were made knowingly, intentionally, or recklessly. *See Supra* Sec. III.A. As such, Defendant Magruder has failed to show that his potential *Franks* motion was likely to have resulted in a suppression of the warrant and has failed to state a legally cognizable defense. *See Barker*, 514 F.2d at 220 (finding if defendant does not "effectively den[y] his culpability," his "motion to withdraw need not be granted").

Accordingly, the Court finds that Defendant Magruder has failed to show that he has a viable claim of innocence or a cognizable defense to the crime for which he pled guilty.

### C. Prejudice

As a final factor, the Court considers whether or not the delay between the guilty plea and the motion to withdraw has substantially prejudiced the Government's ability to prosecute the case. In this case, the Government "does not claim that it would be substantially prejudiced by the withdrawal of the defendant's guilty plea." Gov.'s Opp'n, ECF No. 28, 9 n.5. Because the Government does not argue that it would be prejudiced by Defendant Magruder's withdrawal of

his guilty plea, this factor does not interfere with Defendant Magruder's motion to withdraw.

However, this factor "has never been dispositive in our cases." *Curry*, 494 F.3d at 1128 (upholding denial of withdrawal of guilty plea even though the Government did not argue prejudice) (quoting *United States v. Hanson*, 339 F.3d 983, 988 (D.C. Cir. 2003)). Accordingly, even though the Government does not claim prejudice from the withdrawal, Defendant Magruder's motion to withdraw remains insufficient as he has failed to establish that his plea was tainted or that he has a viable claim of innocence or a cognizable defense.

### D.  Hearing

As a final matter, the Court must decide whether an evidentiary hearing is warranted in this case. Generally, when a defendant seeks to withdraw a guilty plea, "the district court should hold an evidentiary hearing to determine the merits of the defendant's claims." *Taylor*, 139 F.3d at 932. Claims, including ineffective assistance of counsel, "frequently concern matters outside the trial record, such as whether counsel properly investigated the case, considered relevant legal theories, or adequately prepared a defense." *Id*. (internal quotation marks omitted). However, some motions to withdraw a guilty plea "can be resolved on the basis of the trial transcripts and pleadings alone." *Id*. For example, in *United States v. Tolson*, faced with a motion to withdraw based on a claim of ineffective assistance of counsel, the court determined that an evidentiary hearing was unnecessary because the court was "faced with but one or two fairly simple instances of attorney conduct that are alleged to be deficient." 372 F. Supp. 2d 1, 8-9 (D.D.C. 2005), *aff'd*, 264 F. App'x 2 (D.C. Cir. 2008). Thus, the court was able to "easily adjudicate" the merit of the defendant's contentions by relying solely on the pleadings and transcripts. *Id*.; *see also Thomas*, 541 F. Supp. 2d at 22-26 (concluding evidentiary hearing was unnecessary because

defendant's claim was insufficient to render plea invalid even when defendant argued that prior counsel failed to investigate fully); *Robinson*, 587 F.3d at 1127-33 (finding district court did not err in denying evidentiary hearing as the defendants' pleas were not tainted despite alleged coercion by the government).

Here, the Court finds that an evidentiary hearing is unnecessary. Even if the Court credits Defendant Magruder's claim that his prior counsel was deficient for failing to fully analyze the discovery, the Court has found that such deficiency did not prejudice Defendant Magruder as a potential *Franks* motion would not have been successful. An evidentiary hearing would not alter this finding. Additionally, Defendant Magruder's description of the plea process, including his prior counsel's actions during that process, are not controverted and would not be further illuminated by an evidentiary hearing.

Additionally, the Court notes that "[a] district should ordinarily conduct an evidentiary hearing *upon request*." *See Thomas*, 541 F. Supp. 2d at 23 (emphasis added); *Sibblies*, 562 F. Supp. 2d at 3 (reciting same standard). In this case, Defendant Magruder never requested that the Court hold an evidentiary hearing in connection with his motion to withdraw.

For these reasons, the Court concludes that it would not be benefitted by an evidentiary hearing. *See Curry*, 494 F.3d at 1131 (finding that there was "no need for the court to conduct an evidentiary hearing" where the facts were not in dispute).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Magruder's [27] Motion to withdraw his guilty plea. Defendant Magruder has failed to show that his plea was tainted or that

he has a viable claim of innocence or a cognizable defense to the charge to which he pled guilty.

An appropriate Order accompanies this Memorandum Opinion.

                                       __/s_____

                                         **COLLEEN KOLLAR-KOTELLY**

                                         United States District Judge