UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>EDWARD MAGRUDER,<br>             Defendant. | Criminal Action No. 19-203 (CKK) |

**MEMORANDUM OPINION**
(February 12, 2021)

In this criminal action, Defendant Edward Magruder pled guilty to unlawful possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant Magruder and the Government agreed that a sentence between 144 months and 180 months of incarceration, followed by five years of supervised release, was an appropriate sentence. Two days before his scheduled sentencing hearing, Defendant Magruder filed his Second Motion to Withdraw Guilty Plea, ECF No. 46. Defendant Magruder argues that he should be permitted to withdraw his guilty plea because he learned after the plea hearing that no return had been filed for one of two warrants authorizing collection of cell phone data. He also argues that the warrant authorized the collection of content from his cell phone that was not supported by probable cause. The Government opposes withdrawal of the guilty plea.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a

---

[1] The Court's consideration has focused on the following documents:
- Defendant's Second Motion to Withdraw Guilty Plea ("Def.'s Mot."), ECF No. 46;
- Government's Opposition to Defendant's Second Motion to Withdraw Guilty Plea ("Gov.'s Opp'n"), ECF No. 47; and
- Defendant's Reply to Opposition to Second Motion to Withdraw Guilty Plea ("Def.'s Reply"), ECF No. 48.

whole, the Court DENIES Defendant Magruder's Motion to withdraw his guilty plea. The Court concludes Defendant Magruder has not presented a fair and just reason for granting the withdrawal.

## I. FACTUAL BACKGROUND

On June 10, 2019, a criminal complaint was filed against Defendant Magruder, stating that he violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) by possessing with intent to distribute a mixture and substance containing one kilogram or more of heroin. ECF No. 1. That same day, Defendant Magruder was arrested and made an initial appearance before Magistrate Judge Robin Meriweather. Defendant Magruder was appointed counsel and was held in temporary detention. On June 13, 2019, a detention hearing was held before Magistrate Judge Meriweather, and Defendant Magruder consented to detention.

On June 24, 2019, this Court held its first status conference with Defendant Magruder. Defense counsel indicated that he had received but had not yet reviewed the discovery and requested an additional 30 days. June 24, 2019 Minute Order. The Court held the next status conference on August 1, 2019, during which Defense counsel requested additional time to review discovery and to determine how to proceed. Aug. 2, 2019 Minute Order. The parties returned to the Court on September 13, 2019. At this time, Defendant Magruder indicated that he intended to proceed to trial and the Court ordered the parties to propose pre-trial deadlines. Sept. 13, 2019 Minute Order. Also on that day, the Court ordered the Probation Office to complete a criminal history calculation so that the parties would have access to the relevant information on the advisory sentencing guidelines prior to trial. ECF No. 6.

When the parties returned to the Court for a status conference on October 4, 2019, Defense counsel indicated that Defendant Magruder had been provided with a plea offer.

Defendant Magruder required additional time to consider the plea offer. Oct. 4, 2019 Minute Order.

On October 8, 2019, the parties conducted another status conference. At this status conference, Defendant Magruder indicated that he intended to accept the Government's plea offer. The plea offer, which was later formally accepted, was a Rule 11(c)(1)(C) plea of between 144 and 180 months, with a mandatory minimum of 10 years. Oct. 8, 2019 Minute Order. During the status conference, Defense counsel explained that "Mr. Magruder appears to have at least two prior convictions that, if the Government had filed the 851 notices, would have put him in jeopardy of receiving a mandatory minimum term of incarceration of 25 years." Tr. Oct. 8, 2019, ECF No. 19, 4:20-23. Even absent a 21 U.S.C. § 851 notice, the Government stated that if Defendant Magruder pled to the indictment his advisory sentencing guidelines range would be 262 to 327 months, with a mandatory minimum of 10 years. *Id*. at 6:14-15. Defense counsel explained that the plea offer would reduce the incarceration time "a considerable amount." *Id*. at 5:1. Defendant Magruder affirmed that he had received and reviewed the evidence against him. *Id*. at 5:6-9.

During the next October 22, 2019 status conference, the Court explained the Probation Office's findings on Defendant Magruder's criminal history calculation. The Court also stated that, as a career offender, Defendant Magruder would likely be eligible for a 21 U.S.C. § 851 notice by the Government, increasing the mandatory minimum sentence to 25 years. During the status conference, Defendant Magruder expressed some confusion as to the Rule 11(c)(1)(C) plea. Tr. Oct. 22, 2019, ECF No. 20, 7:13-14. The Court explained that Defendant Magruder faced a mandatory minimum of 10 years based on his charge. If the Government filed a 21 U.S.C. § 851 notice, for which it appeared Defendant Magruder was eligible, the mandatory

minimum would move up to 25 years. *Id*. at 8:3-20. The Court stated that it had no control over the mandatory minimums and could not sentence Defendant Magruder to a lesser sentence than the mandatory minimum. *Id*. at 9:3-4. The Court further explained that if the Rule 11(c)(1)(C) plea was accepted by the defendant and the Court, Defendant Magruder's sentence would have to be between 144 and 180 months. *Id*. at 8:11-15. The Court explained to Defendant Magruder "this is your decision. Your counsel can go over the evidence with you, can go over what the choices are that you have, what the consequences are, can give you advice; and you can decide to accept it or not." *Id*. at 12:12-15. After reviewing the effect of the plea offer, Defendant Magruder confirmed that all requested discovery had been provided. *Id*. at 12:5-9. Defendant Magruder further stated that he was prepared to go forward with the plea agreement. *Id*. at 13:14-17.

On October 25, 2019, Defendant Magruder was placed under oath and pled guilty, accepting the Rule 11(c)(1)(C) plea agreement, setting a sentence of 144 to 180 months. ECF No. 13. The Court accepted the plea but held in abeyance accepting the proposed sentence until after the Court could review the presentence report.

On November 20, 2019, the Court received a letter from Defendant Magruder which was dated October 25, 2019. ECF No. 17. In the letter, Defendant Magruder stated that he was not satisfied with his prior counsel based, in part, on his counsel's alleged failure to properly investigate the case. Defendant Magruder also expressed some confusion as to whether or not his plea agreement contained a mandatory minimum of 10 years. *Id*. That same day, Defendant Magruder's counsel filed a motion to withdraw. ECF No. 15.

On December 2, 2019, the Court appointed Defendant Magruder new counsel and set another status conference in the case, allowing new counsel adequate time to prepare. The Court

further stayed the deadlines for the sentencing briefing. Dec. 6, 2019 Minute Order. On December 12, 2019, the Court held a status conference where Defendant Magruder was represented by his new counsel. Defendant Magruder expressed that he was satisfied with his new counsel. The Court set a further status conference to allow Defendant Magruder time to speak with his new counsel about how to proceed. Dec. 12, 2019 Minute Order. On January 27, 2020, the Court held another status conference at which Defendant Magruder indicated his intention to file a motion to withdraw his guilty plea. The Court set a briefing schedule. Jan. 27, 2020 Minute Order.

Prior to the filing of a motion to withdraw his guilty plea, Defendant Magruder's new counsel filed a motion to withdraw due to a fundamental disagreement on the posture of the case. ECF No. 21. On March 6, 2020, the Court granted the motion to withdraw and again appointed new counsel for Defendant Magruder. Mar. 6, 2020 Minute Order. The Court further vacated the briefing schedule for the motion to withdraw and set a new status conference date. *Id*.

Prior to the next status conference, the Court was hindered by the COVID-19 restrictions. *See* In Re: Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic, Standing Order 20-9(BAH), Mar. 16, 2020. The Court ordered Defendant Magruder to file a notice indicating if he intended to proceed with moving to withdraw his guilty plea so that the Court could set further proceedings. Mar. 17, 2020 Minute Order.

On May 6, 2020, Defendant Magruder filed a Notice indicating his intent to move to withdraw his guilty plea. ECF No. 26. Defendant Magruder filed his first motion to withdraw his guilty plea on May 29, 2020. *See* Def.'s Mot. to Withdraw Plea of Guilty, ECF No. 27 ("Def.'s First Mot. to Withdraw"). In that motion, Defendant Magruder argued that his prior counsel was ineffective for failing to provide Defendant with pertinent discovery and that he was coerced into

accepting a Rule 11(c)(1)(C) plea. *See* Def.'s First Mot. to Withdraw; Def.'s Reply in Support of First Mot. to Withdraw, ECF No. 29. The Court denied Defendant Magruder's First Motion to Withdraw on July 20, 2020, concluding that he had not demonstrated that he was prejudiced by any failure by his previous counsel to provide him with relevant discovery. Mem. Op. at 8-9, 12, ECF No. 35. The Court also found that Defendant Magruder had not demonstrated that he had been coerced into accepting a plea. *Id.* at 13-16.

After the Court denied Defendant Magruder's First Motion to Withdraw, the parties jointly proposed a schedule for proceeding with sentencing. *See* ECF No. 35.The Court ordered the parties to file sentencing memoranda in December 2020, and scheduled Defendant Magruder's sentencing hearing for January 7, 2021 at 10:00 a.m. Order, ECF No. 40.

During this time, Defendant Magruder made additional discovery requests to the Government, including requests for two warrants authorizing the FBI to obtain prospective GPS location data from two cell phones. *See* Def.'s Mot. at 1; Gov.'s Opp'n at 2. In responding to these requests, the Government learned that a return had not been filed for one of the two warrants. Def.'s Mot. at 1; Gov.'s Opp'n at 2. The application for the warrant at issue (the "Warrant") and supporting affidavit (the "Affidavit") were filed with the court on May 10, 2019 and granted by the magistrate judge on the same date. *See* Gov.'s Opp'n Ex. 1. The Warrant directs that it must be executed on or before May 23, 2019. *Id.* at 1. The magistrate judge also issued an Order authorizing FBI agents to "ascertain the physical location of the cellular telephone . . . with service provided by Verizon" and requiring "Verizon, the current service provider for the target telephone, [to] assist agents of the FBI by providing all information, facilities, and technical assistance needed to ascertain the Requested Location Information[.]" Gov.'s Opp'n Ex. 3, at 3. Both parties agree that the Warrant allowed law enforcement agents to

6

track Defendant Magruder on the days leading up to his arrest on June 9, 2019. Def.'s Mot. at 1-2; Gov.'s Opp'n at 2.

On January 5, 2021, two days before his scheduled sentencing hearing, Defendant filed his Second Motion to Withdraw Plea of Guilty based on the "newly discovered evidence" that a return had not been filed for the Warrant and on other purported errors with the Warrant. *See* Def.'s Mot. The Court vacated Defendant Magruder's sentencing hearing and set a briefing schedule on Defendant's motion. Jan. 5, 2021 Minute Order. The Government opposes Defendant's motion.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 11, a defendant is permitted, before a sentence is imposed, to withdraw a guilty plea if the defendant can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). While presentence withdrawal motions should be "'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Thomas*, 541 F. Supp. 2d 18, 23 (D.D.C. 2008) (quoting *United States v. Ahn*, 231 F.3d 26, 30 (D.C. Cir. 2000)).

When ruling on a motion to withdraw a guilty plea, courts in this Circuit consider the following factors: "(1) whether the defendant asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *United States v. Taylor*, 139 F.3d 924, 929 (D.C. Cir. 1998) (internal quotation marks omitted). The third factor is viewed as the "most important." *Id.* (internal quotation marks omitted).

### III.  DISCUSSION

Defendant Magruder argues that he should be able to withdraw his guilty plea because the Government failed to file a return for the Warrant seeking cell phone location data. Def.'s Mot. at 1. He contends that the lack of return "prejudices" his ability "to ascertain whether law enforcement complied with the warrant and executed the warrant on or about May 23, 2019 . . . as directed by the Warrant." *Id.* Defendant Magruder also argues that materials sought in the Warrant were not addressed in the supporting affidavit, and therefore the Warrant lacked probable cause. *Id.* at 4-5. For the reasons set forth below, the Court finds that neither argument provides a basis for Defendant Magruder to withdraw his guilty plea.

**A.  Tainted Plea**

The Court first considers whether Defendant Magruder's guilty plea "was somehow tainted." *United States v. West*, 392 F.3d 450, 458 (D.C. Cir. 2004) (internal citations omitted). This factor is "the most important" and requires "a showing that the district court's taking of the guilty plea either failed to conform to the requirements of Federal Rule of Criminal Procedure 11 . . . or was in some other sense constitutionally deficient." *United States v. Tolson*, 372 F. Supp. 2d 1, 9 (D.D.C 2005) (internal citations and quotation marks omitted). A defendant's failure to "demonstrate some constitutional or procedural error in the taking of [his] guilty plea . . . will often justify a court's denial of a motion to withdraw that plea even where the movant makes out a legally cognizable defense to the charges." *Id.; see also United States v. Cray*, 47 F.3d 1203, 1208 (D.C. Cir. 1995) ("[A] defendant who fails to show some error under Rule 11 has to shoulder an extremely heavy burden if he is ultimately to prevail [on withdrawing his plea].").

Defendant does not appear to argue that his plea did not conform to the requirements of Rule 11, or that there was any constitutional defect in the *plea* itself. Rather, Defendant

Magruder's arguments rest solely on purported defects with the Warrant and the lack of return, suggesting that these errors would provide a basis to challenge his arrest and the search of his backpack. *See* Def.'s Mot. at 1-2, 4. Because Defendant Magruder fails to address at all how these purported errors "tainted" his guilty plea, the Court finds that he has failed to carry his burden on this "most important" factor. The Court shall nonetheless consider the remaining two factors.

### B. Viable Defense

Because Defendant Magruder does not clarify which of the three factors the purported errors with the Warrant implicate, the Court considers these errors in examining whether he has established "a viable claim of innocence." *See supra* Part II. A defendant seeking to withdraw a guilty plea "must make out a legally cognizable defense to the charge against him." *United States v. McCoy*, 215 F.3d 102, 106 (D.C. Cir. 2000) (quoting *Cray*, 47 F.3d at 1207) (internal quotation marks omitted). The defendant must "affirmatively advance an objectively reasonable argument that he is innocent, for he has waived his right simply to try his luck before a jury." *Id.* (quoting *Cray*, 47 F.3d at 1207) (internal quotation marks omitted). Even when a court views this factor under the lens of "legally cognizable defense," as opposed to "viable claim of innocence," a defendant still needs to "affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Robinson*, 587 F.3d 1122, 1131 (D.C. Cir. 2009).

Here, Defendant Magruder does not allege actual innocence. Though not explicit in his Motion, he instead appears to suggest that had he known about the lack of return and alleged errors with the Warrant, he would have moved to suppress evidence obtained as a result of the Warrant's execution. *See, e.g.*, Def.'s Mot. at 2 ("If the warrant was not executed within [the specified] time frame, law enforcement's actions were illegal in surveilling [Defendant],

9

stopping and arresting [Defendant] and seizing the drugs found in the backpack he was carrying."). Without so much as a general denial of guilt, the Court finds that this factor does not support a withdrawal of Defendant Magruder's guilty plea. *See United States. v. Curry*, 494 F.3d 1124, 1129 (D.C. Cir. 2007) (faulting the defendant where his brief "does not include a single sentence declaring that he is actually innocent or disclaiming his admission of guilty at the plea proceeding").

Even if the Court were to assume that Defendant Magruder is not required to assert actual innocence and that a legally cognizable defense is sufficient, the Court concludes that Defendant Magruder has also failed to assert a legally cognizable defense based on either of the two Warrant errors he identifies.

First, it is undisputed that the FBI failed to file the return for the Warrant in this case. Def.'s Mot. at 1; Gov.'s Opp'n at 2. Defendant Magruder argues that the lack of return prejudices his ability to ascertain whether the Warrant was executed within the required timeframe. Def.'s Mot. at 2. Defendant Magruder contends that if the Warrant was executed after May 23, 2019, then law enforcement's surveillance, stop, and arrest of Defendant Magruder, and the resulting seizure of drugs from his backpack were illegal. *Id.*

Federal Rule of Criminal Procedure 41(f)(1)(D) requires that an "officer executing the warrant must promptly return it—together with a copy of the inventory—to the magistrate judge designated on the warrant." Fed. R. Crim. P. 41(f)(1)(D). However, technical violations of Rule 41 do not automatically mandate suppression of evidence. *United States v. Burroughs*, 882 F. Supp. 2d 113, 127 (D.D.C. 2012) (noting that the D.C. Circuit has "squarely rejected the notion that failure to timely return a federal search warrant . . . provide[s] a basis to suppress the results of the search warrant" (citing *United States v. Gerald*, 5 F.3d 563, 567 (D.C. Cir. 1993))); *see*

10

*also United States v. Welch*, 811 F.3d 275, 280 (8th Cir. 2016) ("[A Rule 41] procedural violation is not per se an unreasonable search and seizure in violation of the Fourth Amendment."); *United States v. Jacobson*, 4 F. Supp. 3d 515, 523 (E.D.N.Y. 2014) ("Even where government officials violate the requirements of Rule 41, courts must be wary in extending the exclusionary rule in search and seizure cases to violations of Rule 41 alone." (internal citations and quotation marks omitted)). Rule 41 violations may lead to exclusion of evidence only when (1) there was prejudice "in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed"; or (2) there is evidence of "intentional and deliberate disregard of a provision in the rule." *Jacobson*, 4 F. Supp. 3d at 523; *see also United States v. Motz*, 936 F.2d 1021, 1025 (9th Cir. 1991) ("Failure to comply with Rule 41 requires suppression of property seized only where agents would not have carried out the search had they been required to follow the rule and where they intentionally and deliberately disregarded a provision in the Rule." (internal quotation marks and punctuation omitted)).

Defendant Magruder has failed to establish prejudice or offer any evidence of "intentional and deliberate" disregard of Rule 41. Defendant Magruder claims that the FBI's failure to file the return "prejudices" his ability to determine whether the search was executed by May 23, 2019, as required by the Warrant. Def.'s Mot. at 2 The Government, however, submitted evidence showing that the FBI transmitted the Order authorizing the collection of cell phone location data to Verizon on May 13, 2019—ten days *before* the May 23, 2019 deadline for the Warrant's execution. *See* Gov.'s Opp'n Ex. 3. The Government also submitted an excerpt of the geolocation data provided by Verizon, which includes entries beginning on May 13, 2019, *see* Gov.'s Opp'n Ex. 2, demonstrating that "Verizon began to provide GPS information for the defendant's phone to agents that same day." Gov.'s Opp'n at 4. Defendant counters that although

11

the spreadsheet submitted by the Government "shows data starting on May 13, 2019," there is no indication that "law enforcement actually began *receiving* the data on May 13." Def.'s Reply at 1 n.1 (emphasis added). Defendant concedes, however, that the FBI's request to Verizon "does request GPS ping data to be provided every 15 minutes," which would indicate "that the data was to be provided as it came in more or less and began on May 13, 2019." *Id.*; *see* Gov.'s Opp'n Ex. 3.

The Court finds that the Government's evidence rebuts Defendant Magruder's speculation that the Warrant was executed outside of the time period specified the Warrant. The FBI sent the Order directing Verizon to collect geolocation data for the subject cell phone on May 13, 2019 and Verizon began collecting data on the same date. *See* Gov.'s Opp'n Ex. 1. Although the failure to file a return does constitute a technical violation of Rule 41, the evidence submitted by the Government demonstrates that the Warrant was executed within the required timeframe.

Defendant Magruder also fails to establish any basis for his contention that the FBI's failure to file the returns "was intentional and deliberate to hide the misconduct of law enforcement in not executing the warrant" within the specified time frame. Def.'s Mot. at 2. Accordingly, the Court concludes that Defendant Magruder has not demonstrated a "viable defense" based on a Rule 41 violation.

Defendant Magruder next argues that the Warrant itself was constitutionally defective because the scope of the materials sought by the Warrant exceeds the scope of the supporting Affidavit, which only related to "information about the *location* of the cellular telephone." Def.'s Mot. at 2-3 (emphasis added). Specifically, the Warrant includes as "property to be seized" two categories of property not requested by the supporting Affidavit: (1) address books, contact and

buddy lists, calendar data, pictures, and files; and (2) text messages including content, destination, and original phone numbers from June 2018 to May 2019. *Id.* at 3. Defendant Magruder argues that the Warrant, therefore, sought material "not supported by probable cause" and "hence all data obtained pursuant to the warrant, including the surveillance, seizure, and arrest of Magruder as well as the search and seizure of the drugs found in the backpack was illegal." *Id.* at 4.

In response, the Government indicates that it did not transmit the *Warrant* containing the list of items cited by Defendant to Verizon. Gov.'s Opp'n at 5. Rather, the FBI transmitted to Verizon only the *Order* issued by the magistrate judge, which explicitly narrowed the permitted search to "ascertaining the physical location of the target telephone" and "expressly exclude[ed] the contents of any communications conducted by the user(s) of the target telephone." *Id.* (citing Gov.'s Opp'n Ex. 3, at 2). And, as a practical matter, the Government indicates that it did not receive any information from Verizon other than location data. *Id.* Accordingly, even if the Warrant contained an erroneous or overly broad list of items to be seized, Verizon did not rely on the Warrant or collect the two categories of information listed by Defendant. *See* Gov.'s Opp'n at 6-7. Rather, Verizon relied on the *Order*, which authorized only disclosure of location data— and the Government received only that information to track Defendant's location. *Id.* Defendant Magruder does not dispute that the location data authorized by the Order was supported by probable cause. *See* Def.'s Mot. at 3 (indicating that the Affidavit seeks "information about the location about this cellular telephone"). Nor does Defendant argue that it was improper for the FBI agents or Verizon to rely on the Order.[2] Def.'s Reply at 2-3. The Court concludes that even

---

[2] Defendant Magruder argues that it was reasonable to assume that the Warrant was provided to Verizon because it was signed one minute after the Order. *See* Def.'s Reply at 2. The Court is

13

if the Warrant erroneously listed as items to be seized cell phone content not supported by the Affidavit, the Government has provided sufficient evidence to demonstrate that neither Verizon nor the Government collected information beyond the cell phone's location data.[3]

The Court concludes that Defendant Magruder has failed to demonstrate a legally cognizable defense supporting his motion to withdraw his guilty plea.

### C. Prejudice from Delay

As a final factor, the Court considers whether or not the delay between the guilty plea and the motion to withdraw has substantially prejudiced the Government's ability to prosecute the case. In this case, the Government does not argue that it would be prejudiced by Defendant Magruder's withdrawal of his guilty plea, so this factor does not interfere with Defendant Magruder's motion to withdraw. In any event, this factor "has never been dispositive in our cases." *Curry*, 494 F.3d at 1128 (upholding denial of withdrawal of guilty plea even though the Government did not argue prejudice) (quoting *United States v. Hanson*, 339 F.3d 983, 988 (D.C. Cir. 2003)). Accordingly, even though the Government does not claim prejudice from the withdrawal, Defendant Magruder's motion to withdraw remains insufficient as he has failed to establish that his plea was tainted or that he has a viable claim of innocence or a cognizable defense.

---

unpersuaded by this assumption, especially in light of the government's representation that it faxed only the Order to Verizon. *See* Gov.'s Opp'n Ex. 3.

[3] Defendant Magruder also argues that because "the proposed search warrant does not authorize the seizure of any tangible property . . . all data obtained pursuant to the [W]arrant, including the surveillance, seizure, and arrest of Magruder as well as the search and seizure of the drugs found in the backpack was illegal." Def.'s Mot. at 3-4. This argument, however, rests on Defendant Magruder's incorrect assumption that Verizon collected and transmitted to the government content other than the cell phone's location—which, as noted, the government has rebutted.

### D. Hearing

As a final matter, the Court must decide whether an evidentiary hearing is warranted in this case. Generally, when a defendant seeks to withdraw a guilty plea, "the district court should hold an evidentiary hearing to determine the merits of the defendant's claims." *Taylor*, 139 F.3d at 932. Here, the Court finds that an evidentiary hearing is unnecessary. The Court's conclusions rely on evidence submitted by the Government rebutting Defendant Magruder's arguments of prejudice associated with the errors in the Warrant. An evidentiary hearing would not alter the Court's findings.

Additionally, the Court notes that "[a] district should ordinarily conduct an evidentiary hearing *upon request*." *Thomas*, 541 F. Supp. 2d at 23 (emphasis added). In this case, Defendant Magruder never requested that the Court hold an evidentiary hearing in connection with his motion to withdraw. For these reasons, the Court concludes that it would not be benefitted by an evidentiary hearing. *See Curry*, 494 F.3d at 1131 (finding that there was "no need for the court to conduct an evidentiary hearing" where the facts were not in dispute).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Magruder's [46] Second Motion to Withdraw Guilty Plea. Defendant Magruder has failed to show that his plea was tainted or that he has a viable claim of innocence or a cognizable defense to the charge to which he pled guilty. An appropriate Order accompanies this Memorandum Opinion.

                                                   /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge