**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

EDWARD MAGRUDER,

Defendant.

Criminal Action No. 19-203 (CKK)

**MEMORANDUM OPINION**
(December 6, 2021)

In this criminal action, Defendant Edward Magruder pled guilty to unlawful possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Pursuant to a plea agreement under Federal Rules of Criminal Procedure 11(c)(1)(C), Defendant Magruder and the Government agreed that a sentence between 144 months and 180 months of incarceration, followed by five years of supervised release, was an appropriate sentence.

Since Defendant Magruder pled guilty on October 25, 2019, he has filed two motions to withdraw his guilty plea, both of which have been denied by this Court. After denying Defendant Magruder's second motion to withdraw his guilty plea, the Court scheduled a sentencing hearing to take place on February 23, 2021. The sentencing did not go forward; instead, Defendant Magruder requested permission to file "supplemental briefing" on his second motion to withdraw his guilty plea. The Court permitted Defendant to do so. To date, Defendant Magruder has now filed nine pleadings regarding the same Second Motion to Withdraw his Guilty Plea, arguing that various defects with a warrant authorizing law enforcement to obtain location data from Defendant Magruder's cell phone service provider, Verizon, and the affidavit submitted in support thereof require the Court to invalidate the warrant, his arrest, and his guilty plea under oath. Related to some of the alleged deficiencies with the warrant, Defendant Magruder has also filed a [57] Motion

for an Order to Verizon, in which Defendant Magruder seeks to obtain the materials transmitted to and from Verizon regarding the FBI's court-authorized collection of location data from one of his cell phones.  In his supplemental briefing, Defendant Magruder further contends that law enforcement lacked probable cause to arrest him and to search his backpack, which contained two "bricks" of heroin.

Notably missing from any of Defendant Magruder's numerous pleadings is *any* assertion that his plea hearing was tainted or that he is actually innocent of the crime to which he pled guilty under oath.   Accordingly, the Court's conclusion from its earlier Memorandum Opinions denying Defendant Magruder's motions to withdraw his plea remains unchanged; he has failed to present a "fair and just reason" for permitting him to withdraw his guilty plea.   Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court **DENIES** Defendant Magruder's motion to withdraw his guilty plea and **DENIES** his motion seeking an order to Verizon.

---

[1] The Court's consideration has focused on the following documents:
- Def.'s 2d Mot. to Withdraw Guilty Plea, ECF No. 46
- Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea, ECF No. 47;
- Def.'s Reply to Opp'n to 2d Mot. to Withdraw Guilty Plea, ECF No. 48;
- Def.'s Suppl. Mot. to Withdraw Guilty Plea, ECF No. 51;
- Def.'s Add'l Suppl., ECF No. 52;
- Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea, ECF No. 53;
- Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea, ECF No. 58;
- Def.'s Final Suppl. Mot. to Withdraw Plea of Guilt, ECF No. 59;
- Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt, ECF No. 60;
- Def.'s Reply to Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt, ECF No. 61;
- Def.'s Suppl. Reply to Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt, ECF No. 62; and
- Def.'s [2d] Suppl. Reply to Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt, ECF No. 63.

## I.   BACKGROUND

Pursuant to the Criminal Complaint in this action, filed on June 10, 2019, Defendant Magruder was involved in "the distribution of large quantities of narcotics."   Compl. Stmt. of Facts at 1, ECF No. 1-1.   The Complaint alleges that Defendant Magruder would travel from Washington, D.C. to New York to acquire narcotics.   *Id.*   In May 2019, the FBI obtained a warrant and court order authorizing it to collect from Verizon the prospective geolocation data associated with Defendant Magruder's cell phone.   *Id.*; *see* Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea Ex. 1, Warrant, ECF No. 47-1.

On June 7, 2019, Defendant Magruder traveled to New York by bus.   Compl. Stmt. of Facts at 1.   FBI agents "observed him for an hour" making "calls using a flip phone (not the phone that was being tracked)."   *Id.*   He had a blue backpack.   *Id.*   On the next day, Defendant Magruder returned to Washington, D.C. by bus.   *Id.*   Upon his arrival at Union Station, he was stopped by FBI agents who searched his backpack.   *Id.*   The agents found a "brick of compressed tan powder," weighing approximately 1,200 grams, and "wrapped in duct tape and several plastic bags," which "field tested positive for the presence of opiates."   *Id.*   Defendant was arrested, and "advised of his rights which he chose to waive and make a statement."   *Id.* at 2.   He stated that he had traveled to New York "several times" to acquire heroin, which he then sold in smaller quantities in Washington, D.C.   *Id.*

Defendant Magruder was charged by Indictment with one count of possessing with intent to distribute a mixture and substance containing one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).   Indictment, ECF No. 5.   Although Defendant Magruder initially expressed interest in proceeding to trial on this charge, *see* Minute Order (Sept. 13, 2019), his counsel subsequently informed the Court that the Government had made a plea offer, and

requested that Defendant Magruder be afforded time to consider it.   *See* Minute Order (Oct. 4, 2019).   At a status hearing on October 8, 2019, Defendant Magruder indicated that he intended to accept the Government's plea offer.   *See* Minute Order (Oct. 8, 2019).

The Government's plea offer, made under Federal Rule of Criminal Procedure 11(c)(1)(C), included a recommended sentence between 144 and 180 months, with a mandatory minimum sentence of 10 years.   *See* Minute Order (Oct. 8, 2019).   During the status hearing, Defendant Magruder's then-counsel explained that "Mr. Magruder appears to have at least two prior convictions that, if the Government had filed the [21 U.S.C. §] 851 notices, would have put him in jeopardy of receiving a mandatory minimum term of incarceration of 25 years."   Hr'g Tr. (Oct. 8, 2019) at 4:20–23, ECF No. 19.   Counsel for the Government stated that, even absent a 21 U.S.C. § 851 notice, if Defendant Magruder pled guilty to the indictment, his advisory sentencing guidelines range would be 262 to 327 months, with a mandatory minimum of 10 years.   *Id*. at 6:14–15.   Defense counsel noted that the plea offer would reduce the incarceration time "a considerable amount."   *Id*. at 4:24–5:1.   Defendant Magruder affirmed that he had received and reviewed the evidence against him.   *Id*. at 5:6–9.

During the next status hearing on October 22, 2019, the Court explained the Probation Office's findings on Defendant Magruder's criminal history calculation.   *See* Order, ECF No. 6; Probation Mem., ECF No. 10.   The Court also explained that Defendant Magruder would likely be eligible for a 21 U.S.C. § 851 notice by the Government, increasing the mandatory minimum sentence to 25 years.   Hr'g Tr. (Oct. 22, 2019) at 2:8–21, ECF No. 20.   During the status hearing, Defendant Magruder, through his counsel expressed some confusion as to the Rule 11(c)(1)(C) plea.   *Id.* at 7:13–14.   The Court explained that Defendant Magruder faced a mandatory minimum of 10 years based on the charge contained in the Indictment.   *Id.* at 8:4–15.   If the

Government filed a 21 U.S.C. § 851 notice, for which it appeared Defendant Magruder was eligible, the mandatory minimum would increase to 25 years. *Id*. at 8:16–9:5. The Court stated that it had no control over the mandatory minimums and could not sentence Defendant Magruder to a lesser sentence than the mandatory minimum. *Id*. at 9:3–11. The Court further explained that if the Rule 11(c)(1)(C) plea was accepted by the defendant and the Court, Defendant Magruder's sentence would have to be between 144 and 180 months, of which 120 months would be a mandatory minimum. *Id*. at 8:11–15. The Court explained to Defendant Magruder "this is your decision. Your counsel can go over the evidence with you, can go over what the choices are that you have, what the consequences are, can give you advice; and you can decide to accept it or not." *Id*. at 12:12–15. After reviewing the effect of the plea offer, Defendant Magruder confirmed that all requested discovery had been provided. *Id*. at 12:5–9. He also stated that he was prepared to go forward with accepting the plea agreement. *Id*. at 13:14–17.

On October 25, 2019, Defendant Magruder was placed under oath and pled guilty to a violation of 21 U.S.C. §§ 841(a) and (b)(1)(A), accepting the Rule 11(c)(1)(C) plea agreement, setting a sentence of 144 to 180 months. *See* Minute Entry (Oct. 25, 2019); Plea Agreement § 4, ECF No. 13. In so doing, Defendant Magruder agreed that he had traveled from Washington, D.C. to New York on "at least seven separate occasions" between December 2018 and May 2019. Plea Agreement § 2; Gov.'s Proffer of Proof at 3, ECF No. 12. Before each trip, he "communicated with a person in Colombia." Gov.'s Proffer of Proof at 3. Defendant Magruder agreed that prior to his arrest, he had traveled to New York to "receive heroin," that he usually received "two bricks at a time" and that he then "sold heroin in smaller quantities" in Washington, D.C. *Id.* at 3–4. The Court accepted the plea but held in abeyance accepting the proposed sentence until after the Court could review the presentence report.

On November 20, 2019, the Court received a letter from Defendant Magruder which was dated October 25, 2019.   *See* Letter from Def., ECF No. 17.   Therein, Defendant Magruder stated that he was not satisfied with his counsel who represented him at the plea hearing based, in part, on his counsel's alleged failure to properly investigate the case.   *Id.*   Defendant Magruder also expressed some confusion as to whether or not his plea agreement contained a mandatory minimum of 10 years.   *Id.*   That same day, Defendant Magruder's then-counsel filed a motion to withdraw.   *See* Mot. to Withdraw, ECF No. 15.

The Court appointed Defendant Magruder new counsel, scheduled a status conference in the case, allowing adequate time for new counsel to prepare, and stayed the deadlines for the sentencing briefing.   *See* Minute Order (Dec. 6, 2019).   On December 12, 2019, the Court held a status conference during which Defendant Magruder was represented by his new counsel. Defendant Magruder expressed that he was satisfied with his new counsel.   The Court set a further status conference to allow Defendant Magruder time to speak with his new counsel about how to proceed.   *See* Minute Order (Dec. 12, 2019).   On January 27, 2020, the Court held another status conference during which Defendant Magruder indicated his intention to file a motion to withdraw his guilty plea.   The Court set a briefing schedule.   *See* Minute Order (Jan. 27, 2020).

Prior to the filing of his first motion to withdraw his guilty plea, Defendant Magruder's new counsel filed a motion to withdraw due to a fundamental disagreement on the posture of the case.   *See* Mot. to Appoint New Def. Counsel, ECF No. 21.   On March 6, 2020, the Court granted the motion to withdraw and appointed a third new counsel for Defendant Magruder.   *See* Minute Order (Mar. 6, 2020).   The Court further vacated the briefing schedule for the motion to withdraw the guilty plea and set a new status hearing date.   *Id*.

Prior to the next scheduled status hearing, the Court ordered Defendant Magruder to file a notice indicating if he intended to proceed with moving to withdraw his guilty plea so that the Court could set further proceedings.   Minute Order (Mar. 17, 2020).   On May 6, 2020, Defendant Magruder filed a Notice indicating his intent to move to withdraw his guilty plea.   Def.'s Notice, ECF No. 26.   Defendant Magruder filed his first motion to withdraw his guilty plea on May 29, 2020.   *See* Def.'s (1st) Mot. to Withdraw Plea of Guilty, ECF No. 27.   In that motion, Defendant Magruder argued that his prior counsel (who represented him at the time of his plea hearing) was ineffective for failing to provide him with pertinent discovery and that he was coerced into accepting a Rule 11(c)(1)(C) plea.   *See id.*   The Court denied Defendant Magruder's First Motion to Withdraw on July 20, 2020, concluding that he had not demonstrated that he was prejudiced by any failure by his previous counsel to provide him with relevant discovery.   *See United States v. Magruder* ("*Magruder I*"), 19-cr-203 (CKK), 2020 U.S. Dist. LEXIS 127194, at *8–9 (D.D.C. July 20, 2020).   The Court also found that Defendant Magruder had not demonstrated that he had been coerced into entering the plea agreement.   *Id.* at *13–16.

After the Court denied Defendant Magruder's First Motion to Withdraw, the parties jointly proposed a schedule for proceeding with sentencing, which the Court adopted.   *See* Joint Status Rep. ECF No. 39; Order, ECF No. 40.   The Court scheduled Defendant Magruder's sentencing hearing for January 7, 2021 at 10:00 a.m.   *See* Order, ECF No. 40.

In the interim, Defendant Magruder made additional discovery requests to the Government, including requests for two warrants authorizing the FBI to obtain prospective GPS location data from Verizon as to two cell phones.   *See* Def.'s 2d Mot. to Withdraw Guilty Plea at 1; Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea at 2.   In responding to these requests, the Government learned that a return had not been filed for one of the two warrants.   Def.'s 2d Mot.

7

to Withdraw Guilty Plea at 1; Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea at 2.   The application for the warrant at issue (the "Warrant") and supporting affidavit (the "Affidavit") had been filed with the court on May 10, 2019 and granted by the magistrate judge on the same date. *See* Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea Ex. 1, ECF No. 47-1.   The magistrate judge also issued an Order (the "Order") authorizing FBI agents to "ascertain the physical location of the cellular telephone . . . with service provided by Verizon" and requiring "Verizon, the current service provider for the target telephone, [to] assist agents of the FBI by providing all information, facilities, and technical assistance needed to ascertain the Requested Location Information[.]" Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea Ex. 3, at 3, ECF No. 47-4.   Both parties agree that the Warrant allowed law enforcement agents to track Defendant Magruder on the days leading up to his arrest on June 9, 2019.   Def.'s 2d Mot. to Withdraw Guilty Plea at 1; Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea at 2.

On January 5, 2021, two days before his scheduled sentencing hearing, Defendant filed his Second Motion to Withdraw Plea of Guilty based on the "newly discovered evidence" that a return had not been filed for the Warrant and on other purported errors with the Warrant.   *See* Def.'s 2d Mot. to Withdraw Guilty Plea.   The Court vacated Defendant Magruder's sentencing hearing and set a briefing schedule on Defendant's motion.   *See* Minute Order (Jan. 5, 2021).

The Court denied Defendant's Second Motion to Withdraw Guilty Plea on February 12, 2021, *see United States v. Magruder* ("*Magruder II*"), 19-cr-203 (CKK), 2021 U.S. Dist. LEXIS 27073 (D.D.C. Feb. 12, 2021) and scheduled a sentencing hearing for February 23, 2021, *see* Order, ECF No. 49.   The sentencing hearing did not go forward; instead, Defendant Magruder requested supplemental briefing regarding his Second Motion to Withdraw Guilty Plea.   *See* Minute Order (Feb. 23, 2021).   The Court set a supplemental briefing schedule.   *Id.*   Upon

review of the pleadings filed in accordance with that schedule, the Court observed that Defendant Magruder raised in his Supplemental Reply "arguments which he has not previously raised in any of his four earlier pleadings regarding the same pending motion."   Minute Order (June 1, 2021). The Court ordered Defendant Magruder to "file a FINAL supplement" by June 22, 2021—raising "any and all claims in support of his second motion to withdraw his guilty plea—before eliciting a response to his new arguments from the Government.   *Id.*   The Court explicitly warned Defendant Magruder that it would "not entertain any future claims from Defendant after this filing on June 22, 2021."   *Id.*   Defendant Magruder filed his "final" supplement on June 22, 2021.   *See* Def.'s Final Suppl. Mot. to Withdraw Plea of Guilt.   The Government filed its response on June 24, 2021.   *See* Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt.

Notwithstanding the Court's clear order that it would not entertain any claims submitted by Defendant Magruder after his June 22, 2021 filing, Defendant Magruder has filed *three* additional pleadings since that deadline: a reply and *two* "supplemental" replies to the government's June 24, 2021 response.   Def.'s Reply to Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt; Def.'s Suppl. Reply to Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt; Def.'s [2d] Suppl. Reply to Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 11, a defendant is permitted, before a sentence is imposed, to withdraw a guilty plea if the defendant can show "a fair and just reason for requesting the withdrawal."   Fed. R. Crim. P. 11(d)(2)(B).   Although presentence withdrawal motions should be "'liberally granted,' they are 'not granted as a matter of right.'"   *United States v. Thomas*, 541 F. Supp. 2d 18, 23 (D.D.C. 2008) (quoting *United States v. Ahn*, 231 F.3d 26, 30

(D.C. Cir. 2000)).   "The decision to grant a withdrawal is within the court's discretion."   *Id.* (citing *United States v. Tolson*, 372 F. Supp. 2d 1, 8 (D.D.C. 2005), *aff'd,* No. 05-3102, 2008 WL 441764, at *1 (D.C. Cir. Jan. 24, 2008)).

When ruling on a motion to withdraw a guilty plea, courts in this Circuit consider the following factors: "(1) whether the defendant asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *United States v. Taylor*, 139 F.3d 924, 929 (D.C. Cir. 1998) (internal quotation marks and citation omitted).   The third factor is viewed as the "most important."   *Id.* (internal quotation marks and citation omitted).

## III.   DISCUSSION

### A.  Tainted Plea

The Court first considers whether Defendant Magruder's guilty plea "was somehow tainted."   *United States v. West*, 392 F.3d 450, 458 (D.C. Cir. 2004) (internal citations omitted). This factor is "the most important" and requires "a showing that the district court's taking of the guilty plea either failed to conform to the requirements of Federal Rule of Criminal Procedure 11 . . . or was in some other sense constitutionally deficient."   *Tolson*, 372 F. Supp. 2d at 9 (internal citations and quotation marks omitted).   A defendant's failure to "demonstrate some constitutional or procedural error in the taking of [his] guilty plea . . . will often justify a court's denial of a motion to withdraw that plea even where the movant makes out a legally cognizable defense to the charges."   *Id.*; *see also United States v. Cray*, 47 F.3d 1203, 1208 (D.C. Cir. 1995) ("[A] defendant who fails to show some error under Rule 11 has to shoulder an extremely heavy burden if he is ultimately to prevail [on withdrawing his plea].").

Once again, Defendant Magruder does not argue that his plea did not conform to the requirements of Rule 11, or that there was any constitutional defect in the plea itself.   Rather, Defendant Magruder's arguments rest on purported defects with the Warrant, the Affidavit, and law enforcement's probable cause to arrest him and search his backpack, suggesting that these errors would provide a legal basis to challenge his arrest and the search of his backpack.   *See, e.g.*, Def.'s 2d Mot. to Withdraw Guilty Plea at 1–2, 4; Def.'s Suppl. Mot. to Withdraw Guilty Plea at 1–2; Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 3–5. Because Defendant Magruder fails to address at all how these purported errors "tainted" his guilty plea, the Court finds that he has failed to carry his burden on this "most important" factor.   The Court shall nonetheless consider the remaining two factors.

### B.  Legally Cognizable Defense

A defendant seeking to withdraw a guilty plea must "affirmatively advance an objectively reasonable argument that he is innocent, for he has waived his right simply to try his luck before a jury." *United States v. McCoy*, 215 F.3d 102, 106 (D.C. Cir. 2000) (quoting *Cray*, 47 F.3d at 1207) (internal quotation marks omitted).   Even when a court views this factor under the lens of "legally cognizable defense," as opposed to "viable claim of innocence," a defendant still needs to "affirmatively advance an objectively reasonable argument that he is innocent[.]"   *United States v. Robinson*, 587 F.3d 1122, 1131 (D.C. Cir. 2009); *see McCoy*, 215 F.3d at 106 (a defendant seeking to withdraw a guilty plea "must make out a legally cognizable defense to the charge against him").   But "the assertion of a legally cognizable defense, standing alone, does not impel a district court to permit withdrawal of a plea." *United States v. McKoy*, 645 F.2d 1037, 1039 (D.C. Cir. 1981) (citing *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975)).   "If withdrawal were automatic in every case where the defendant merely asserts legal innocence . . . the guilty plea

would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.   In fact, however, a guilty plea is no such trifle, but 'a grave and solemn act' which is 'accepted only with care and discernment.'"   *United States v. Basu*, 531 F. Supp. 2d 48, 54 (D.D.C. 2008) (quoting *Barker*, 514 F.2d at 221; *Brady v. United States*, 397 U.S. 742, 748 (1970)).

*None* of Defendant Magruder's many pleadings contain any assertion that he is "actually innocent" nor do they "disclaim[ ] his admission of guilt at the plea proceeding." *United States v. Curry*, 494 F.3d 1124, 1129 (D.C. Cir. 2007).   Without so much as a general denial of guilt, the Court finds that this factor does not support a withdrawal of Defendant Magruder's guilty plea. *See id.*

At most, Defendant Magruder asserts his "legal innocence" suggesting that he would have filed a motion to suppress and/or a motion for a *Franks* hearing and speculating that the Court would have ruled in his favor on both motions, resulting in the invalidation of the Warrant and his arrest, and/or the suppression of the heroin found in his backpack.   *See, e.g.*, Def.'s 2d Mot. to Withdraw Guilty Plea at 2; Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 2.   But Defendant Magruder's assertion of "legal innocence" on the basis of potentially successful motions is misplaced; "a potentially successful motion to suppress evidence is *not* equivalent to an assertion of legal innocence."   *United States v. Yansane*, 370 F. Supp. 3d 580, 591 (D. Md. 2019) (emphasis added); *see United States v. Wintons*, 468 F. App'x 231, 233 (4th Cir. 2012) (holding that "suppression of evidence does not amount to legal innocence"); *United States v. Sanders*, 125 F. App'x 685, 687 (6th Cir. 2005) ("We find no published precedent for the proposition that a motion to withdraw a guilty plea entered 75 days earlier can be supported, absent an assertion of actual innocence, by the claim that a motion to suppress should have been

filed."); *United States v. Neal*, 230 F.3d 1355 (4th Cir. 2000) (holding that a belated desire to file a motion to suppress does not constitute a credible assertion of legal innocence warranting withdrawal of a guilty plea); *Vasquez v. United States*, 279 F.2d 34, 35-37 (9th Cir. 1960) (affirming the denial of a motion to withdraw a guilty plea when the defendant argued that he had discovered after the plea that he might have a meritorious legal defense through a suppression motion).   And even in cases "calling only for a legally cognizable defense," the defendant must have "effectively denied his culpability," which Defendant Magruder has not done.   *United States v. Leyva*, 916 F.3d 14, 24 (D.C. Cir. 2019).   For the reasons below, none of Defendant Magruder's reasons for his claimed "legal innocence" supply a viable legal defense or a reason to permit him to withdraw his guilty plea.

### 1. Affidavit

Defendant Magruder first attempts to revive arguments pertaining to purported errors with the Affidavit, which the Court previously rejected as a basis for permitting Defendant Magruder to withdraw his guilty plea.   Specifically, Defendant Magruder contends that the Affidavit incorrectly indicates that calls he made to his "Colombian contact" occurred in April 2019, but they actually took place in March 2019.   Def.'s Final Suppl. Mot. to Withdraw Plea of Guilt at 4. He argues that the incorrect timing gave the magistrate judge "the improper impression that recent calls had occurred between Magruder and the Colombian contact" and that, in including this incorrect information, the affiant "intentionally mislead [*sic*] the magistrate."   *Id.*   Defendant asserts that this "deliberate action to deceive" merits a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) and "warrants suppression of the data recovered from the warrant and dismissal of the charges against Magruder." *Id.* at 4–5.

The Court has previously addressed Defendant Magruder's argument that this factual mistake in the Affidavit warrants any relief, much less "dismissal of the charges" or withdrawal of his guilty plea. *See Magruder I*, 2020 U.S. Dist. LEXIS 127164, at *9–11. Under *Franks*, in order to successfully challenge an affidavit, the defendant must show that the false statements in the document were made by the affiant "knowingly and intentionally, or with reckless disregard for the truth" and that the false statements were "necessary to the finding of probable cause." 438 U.S. at 155. Notably, "[a]llegations of negligence or innocent mistake are insufficient." *Id.* at 171; *see also United States v. Lopez*, No. 1:17-CR-269, 2018 WL 1290415, at *10 (N.D. Ohio Mar. 13, 2018), *aff'd*, 769 F. App'x 288 (6th Cir. 2019) (holding a single false statement is insufficient to support a Franks hearing); *United States v. West*, 503 F. Supp. 2d 192, 194 (D.D.C. 2007) (refusing a *Franks* hearing where the mistake in the affidavit was small and not material); *United States v. Ali*, 870 F. Supp. 2d 10, 32 (D.D.C. 2012) (denying a *Franks* hearing where potentially negligent omissions in an affidavit were not material).

As with his earlier pleadings, Defendant Magruder has failed to cite to any legal authority supporting his position that the date error in the Affidavit would have been sufficient for a *Franks* hearing or that including the correct date would have defeated the magistrate judge's finding of probable cause to collect GPS data. *Magruder I*, 2020 U.S. Dist. LEXIS 127164, at *10. Nor has Defendant Magruder come close to satisfying his burden that the error he identifies was "made knowingly and intentionally, or with reckless disregard for the truth." *United States v. Becton*, 601 F.3d 588, 594 (D.C. Cir. 2010) (quoting *United States v. Richardson*, 861 F.2d 291, 293 (D.C. Cir. 1988) (per curiam)). His allegation of the affiant's "deliberate action to deceive," Def.'s Final Suppl. Mot. to Withdraw Plea of Guilt at 5, rests on mere speculation, unsupported by any "offer of proof." *United States v. Gaston*, 357 F.3d 77, 80 (D.C. Cir. 2004). Accordingly,

Defendant Magruder has failed to demonstrate that he is entitled to a *Franks* hearing, or that the incorrect date included in the Affidavit provides a legally cognizable defense supporting any viable claim of innocence.

### 2.   Warrant & Order to Verizon

Defendant next contends that he is "legally innocent" based on alleged errors with the Warrant, contending that it authorized the collection of content from his phone that was unsupported by probable cause and that it allowed Verizon to collect and transmit such information to the FBI.   He also argues that the magistrate judge's probable cause determination rested on stale evidence.   As set forth below, neither argument provides a viable legal defense justifying withdrawal of Defendant Magruder's guilty plea.

First, Defendant Magruder reiterates the argument made in his Second Motion to Withdraw that the Warrant is overbroad because the scope of the materials sought by the Warrant exceeds the scope of the supporting Affidavit, which only related to "information about the *location* of the cellular telephone."   Def.'s 2d Mot. to Withdraw Guilty Plea at 2–3, ECF No. 46 (emphasis added).   He contends that the Warrant lists as "property to be seized" two categories of property not addressed in the supporting Affidavit: (1) address books, contact and buddy lists, calendar data, pictures, and files; and (2) text messages including content, destination, and original phone numbers from June 2018 to May 2019.   *Id.* at 3.   Defendant Magruder argues that the Warrant, therefore, sought material "not supported by probable cause" and "hence all data obtained pursuant to the warrant, including the surveillance, seizure, and arrest of Magruder as well as the search and seizure of the drugs found in the backpack was illegal."   *Id.* at 4.

In response, the Government indicated that it did not transmit the *Warrant* containing the list of items cited by Defendant Magruder to Verizon.   Gov.'s Opp'n to Def.'s 2d Mot. to

Withdraw Guilty Plea at 5.   Rather, the FBI transmitted to Verizon only the *Order* issued by the magistrate judge, which explicitly narrowed the permitted search to "ascertaining the physical location of the target telephone" and "expressly exclude[ed] the contents of any communications conducted by the user(s) of the target telephone."   *Id.*; *see id*, Ex. 1, Order at 2, ECF No. 47-2 (ordering that "agents of the FBI. . . may obtain the Requested Location Information concerning the target telephone . . . All of said authority is expressly limited to ascertaining the physical location of the target telephone and expressly excluding the contents of any communications conducted by the user(s) of the target telephone."); Ex. 2, Verizon Wireless Carrier Request Form, ECF No. 47-4 (indicating "Criminal Court Order" as source of "legal authority" for obtaining "GPS Pings").   Accordingly, even if the Warrant contained an erroneous or overly broad list of items to be seized, Verizon did not rely on the Warrant or collect the two categories of information listed by Defendant.   Gov.'s Opp'n to Def.'s 2d Mot. to Withdraw Guilty Plea at 6–7.   Rather, Verizon relied on the *Order*, which authorized only disclosure of location data—and the Government received only that information to track Defendant's location.   *Id.*   The Court previously concluded that even if the Warrant erroneously listed as "items to be seized" cell phone content that was not addressed in the Affidavit, the Government had provided sufficient evidence to demonstrate that neither Verizon nor the Government collected information beyond the cell phone's location data.   *See Magruder II*, 2021 U.S. Dist. LEXIS 27073, at *20.

Since the Court's prior ruling, the Government has provided to Defendant Magruder's counsel additional "email communications from the FBI, in which the FBI noted that they believe they only sent over [to Verizon] the GPS Order[.]"   Def.'s Suppl. Mot. to Withdraw Guilty Plea at 2 n.1; Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 5.   Notwithstanding these communications and the Court's previous conclusion, Defendant Magruder insists that "the

Warrant documents were . . . separately sent to Verizon," that "Verizon complied and sent the requested material directly to [FBI] Agent Weatherhead," and that this was done to "hide that material was obtained pursuant to the Warrant documents which law enforcement should not have received." Def.'s Suppl. Mot. to Withdraw Guilty Plea at 2 n.1. The basis for Defendant Magruder's speculation derives from a letter his counsel sent to him, summarizing her conversation with the Government's counsel in which she conveyed that "the phone company accepted the Order and the Warrant documents and did not question or request further documents, or an additions to Attachment B [to the Warrant], to provide the prospective geolocation data." Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea Ex. 3, ECF No. 56-4. Defendant Magruder contends that this letter shows that "the warrant documents themselves" were provided to Verizon. *See* Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 1–2. The Government disputes Defense counsel's characterization of the conversation. *See* Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 5.

Regardless of the content of counsel's conversation, Defendant Magruder has provided no basis beyond mere speculation that information *other than location data* was ever provided by Verizon to the FBI or that the FBI ever relied on any such "extra" information to track Defendant Magruder's location during the time leading to his arrest. Defendant Magruder's "adamant belief" that Verizon collected and provided information beyond the location data expressly indicated in the Order is insufficient to rebut the evidence on the record that only the Order was transmitted to the FBI, and that only the information authorized by the Order was collected by Verizon and provided to the Government. *See Magruder II*, 2021 U.S. Dist. LEXIS 27073, at *19–20; *see* Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea Exs. 1, 4, ECF

Nos. 53-1, 53-4; Def.'s Suppl. Mot. to Withdraw Guilty Plea at 2 n.2.   It is also insufficient to permit Defendant Magruder to engage in a fishing expedition in an effort to verify his "belief," and so the Court shall deny his Motion Seeking an Order to Verizon, ECF No. 57.   Defendant Magruder has offered no new arguments or evidence to change the Court's previous conclusion that even if the Warrant erroneously listed as items to be seized cell phone content not supported by the Affidavit, the Government has provided sufficient evidence to demonstrate that neither Verizon nor the Government collected information beyond the location data authorized by the Order—information which he does not dispute was supported by probable cause.   *See Magruder II*, 2021 U.S. Dist. LEXIS 27073, at *20.

In the alternative, Defendant Magruder argues that it was error for the FBI to provide Verizon *only* the Order without the Warrant because a "warrant is required to obtain the GPS data requested."   Def.'s Add'l Suppl. at 1.   But none of the cases cited by Defendant stand for the proposition that the Warrant must be transmitted to a cell phone service provider in order for the collection of GPS data to pass constitutional muster.   *See id.* (citing *United States v. Carpenter*, 138 S. Ct. 2206 (2018); *United States v. Jones*, 565 U.S. 400 (2012); *United States v. Maynard*, 615 F.3d 544, 562 (D.C. Cir. 2010)).   And although Rule 41(f)(C) requires an officer to "make reasonable efforts to serve a copy of the warrant" on "the person . . . who possessed the information that was seized or copied," the Court has previously explained that technical violations of Rule 41 do not automatically mandate suppression of evidence.   *See Magruder II*, 2021 U.S. Dist. LEXIS, at *15–16; *see also United States v. Welch*, 811 F.3d 275, 280 (8th Cir. 2016) ("[A Rule 41] procedural violation is not per se an unreasonable search and seizure in violation of the Fourth Amendment."); *United States v. Jacobson*, 4 F. Supp. 3d 515, 523 (E.D.N.Y. 2014) ("Even where government officials violate the requirements of Rule 41, courts must be wary in extending the

exclusionary rule in search and seizure cases to violations of Rule 41 alone." (internal citations and quotation marks omitted)).

Finally, Defendant Magruder argues that the Warrant rests on "stale" evidence that was insufficient to support a finding of probable cause. *See* Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 3–4. For example, the Affidavit "notes that the last time Magruder traveled to New York was December 8, 2018, yet the warrant sought GPS data some 5 months later," in May 2019. *Id.* He also notes that, as discussed above, the Affidavit indicates that Defendant Magruder made several phone calls to his "Colombian contact" in April 2019, which actually took place in March 2019. *Id.* Defendant Magruder argues that given the lapse of time between his trip or calls, and the efforts to obtain a Warrant, the information provided to the magistrate judge was stale. *Id.*

This argument too is a non-starter. As relevant here, "[c]ourts have been considerably more lenient in assessing the currency of information supporting probable cause in the context of extended conspiracies than in the context of single-incident crimes." *United States v. Webb*, 255 F.3d 890, 905 (D.C. Cir. 2001). "Staleness" is less likely to defeat the existence of probable cause where the affidavit alleges ongoing criminal activity. *See United States v. Abboud*, 438 F.3d 554, 573 (6th Cir. 2006); *United States v. McElroy*, 587 F.3d 73, 77–78 (1st Cir. 2009); *United States v. Kennedy*, 427 F.3d 1136, 1142 (8th Cir. 2005); *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998); *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994) (collecting cases). Drug conspiracies, for example, represent "the very paradigm of continuing enterprises for which the courts have relaxed the temporal requirements of non-staleness." *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990). Here, the Affidavit describes Defendant Magruder's ongoing efforts to acquire narcotics in New York and return to Washington, D.C. to sell them. *See* Aff. ¶¶

9–19, ECF No. 28-1; *see* Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt at 3–4. These facts provided the magistrate judge a "substantial basis" for concluding that probable cause existed to obtain prospective GPS information from Defendant Magruder's phone. *See Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) ("[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed.").

Moreover, in accepting the Government's plea offer, Defendant Magruder agreed that "between December 2018 and May 31, 2019, [he] had traveled to New York from Washington, D.C. on at least *seven* separate occasions," that he "stayed in New York for only a short period of time (a few hours generally) and then returned to Washington, D.C. and that "[s]hortly before each trip, pen register information showed that he had communicated with a person in Colombia." Gov.'s Proffer of Proof at 3. He further agreed that he "traveled to New York to obtain heroin" "several times" and then "sold the heroin in smaller quantities here in Washington, D.C." *Id.* at 3–4. These facts demonstrate that Defendant Magruder was involved in ongoing criminal activity, countering his contention that any lapse in time between a particular trip to obtain drugs and the FBI's efforts to obtain a GPS warrant rests on stale evidence.

For these reasons, Defendant Magruder has failed to demonstrate that any of the purported errors with the Warrant or Order give rise to a legally cognizable defense that would supply a fair and just reason for permitting him to withdraw his guilty plea.

### 3. Arrest and Search

Finally, Defendant Magruder argues that the FBI lacked probable cause to arrest him and to search his backpack. *See* Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 4. He contends that these alleged Fourth Amendment violations require that the

drugs discovered in his backpack be suppressed—and that suppression of this evidence supports his assertion that he is "legally innocent" of the crime to which he pled guilty.  *Id.* at 3–4; Def.'s Final Suppl. Mot. to Withdraw Plea of Guilt at 1–4.  But Defendant Magruder is incorrect; "suppression of evidence does not amount to legal innocence."  *Wintons*, 468 F. App'x at 233; *see also United States v. Jones*, 74 F. App'x 664, 665 (7th Cir. 2003) (distinguishing between "legal innocence" and successful suppression motion, noting that "[the defendant] does not insist that he is innocent-rather, he seeks to suppress probative evidence of his guilty by litigating his suppression motion.").  Defendant Magruder has identified no precedent for the proposition that a motion to withdraw a guilty plea "can be supported, absent an assertion of actual innocence, by the claim that a motion to suppress should have been filed."  *Sanders*, 125 F. App'x at 687. Rather, "numerous unpublished decisions state the contrary."  *Id.*; *see, e.g.*, *Winton*, 468 F. App'x at 233 ("[S]uppression of evidence does not amount to legal innocence."); *Jones*, 74 F. App'x 664, 665 (7th Cir. 2003) ("[T]here is no support for [the defendant's] assertion that courts should follow a *per se* rule that defendants can withdraw guilty pleas if Fourth Amendment issues remain to be litigated.   To the contrary it is well-established that defendants waive such defenses by pleading guilty."); *United States v. Quijada*, 40 F. App'x 344, 345 (8th Cir. 2002) (per curiam) (holding that the defense counsel's "failure to seek suppression of [the defendant's] custodial statements . . . does not provide a fair and just reason to allow [the defendant] to withdraw his guilty plea."); *United States v. Schmidt*, No. 5:02CR0227, 2003 WL 22225583, at *2–3 (N.D.N.Y. Aug. 13, 2003) ("Defendant's belated desire to move to suppress evidence seized from his residence evinces nothing more than a revaluation of the Government's case against him.").

Moreover, "as the D.C. Circuit has observed, '[a] knowing and voluntary guilty plea ordinarily waives all constitutional claims, including those arising under the Fourth Amendment,

relating to the deprivation of rights occurring prior to the entry of the plea.'"   *United States v. Flynn*, 411 F. Supp. 3d 15, 48 (D.D.C. 2019) (quoting *United States v. Fincham*, No. 99-3062, 2000 WL 274210, at *1 (D.C. Cir. Feb. 15, 2000)).   Rather, "[b]y entering an unconditional guilty plea, [the defendant] waive[s] his right to object to the constitutionality of the search and seizure." *Fincham*, 2000 WL 274210, at *1 (internal citations omitted); *see also United States v. Wright*, 452 F. App'x 253, 254 (4th Cir. 20111) ("To the extent Wright seeks to raise a Fourth Amendment challenge to the initial car stop which led to his arrest, his valid guilty plea waives all nonjurisdictional antecedent defects, including constitutional challenges to the pretrial proceedings."); *United States v. Marholz*, No. 95-50366, 1996 WL 285704, at *1 (9th Cir. May 29, 1996) ("[A] defendant is not entitled to withdraw a valid plea of guilty on the basis of alleged constitutional violations that occurred before entry of the plea."); *United States v. Hudak*, No. 02CR853, 2003 WL 22170606, at *5 (S.D.N.Y. Sept. 19, 2003) ("By pleading guilty Hudak waived the right to challenge the constitutionality of the search of his home.").

    As a final point, in contending that the FBI lacked probable cause to arrest him, Defendant Magruder focuses only on his actions in the hours leading up to his arrest.   *See* Def's Reply to Gov.'s Resp. to Def.'s Suppls. to 2d Mot. to Withdraw Guilty Plea at 4.   But he ignores the extensive investigation in the months preceding his arrest.   As recounted by the Government, the arresting officer in this case had detailed knowledge about Defendant Magruder's relationship and contacts with an identified drug trafficker (including based on intercepted wiretaps), his pattern of contacting that person before he traveled to New York, and his repeated trips from Washington, D.C. to New York, each of which lasted only a short duration.   *See* Gov.'s Resp. to Def.'s Final Suppl. to 2d Mot. to Withdraw Plea of Guilt at 7–8.   Defendant Magruder does not dispute any of these facts; he agreed to each of them in pleading guilty.   Gov.'s Proffer of Proof at 2–4.

Defendant Magruder's challenges to his arrest and the search of his backpack do not support a finding that he is "legally innocent" of the charge to which he pled guilty, and do not provide a basis for permitting him to withdraw his guilty plea.

### C. Prejudice from Delay

As a final factor, the Court considers whether or not the delay between the guilty plea and the motion to withdraw has substantially prejudiced the Government's ability to prosecute the case. This factor "has never been dispositive in our cases." *Curry*, 494 F.3d at 1128 (upholding denial of withdrawal of guilty plea even though the Government did not argue prejudice) (quoting *United States v. Hanson*, 339 F.3d 983, 988 (D.C. Cir. 2003)).   Although the Government here does not argue that it would be prejudiced by Defendant Magruder's withdrawal of his guilty plea, his motion to withdraw remains insufficient as he has failed to establish that his plea was tainted or that he has a viable claim of innocence or a cognizable defense.

The Court further observes that more than two years have passed since Defendant Magruder's plea hearing, and the Court has allowed Defendant Magruder multiple opportunities to raise arguments in support of his efforts to withdraw his guilty plea—and has even considered his pleadings filed *after* the Court's explicit directive that it would not entertain any additional claims submitted by Defendant Magruder.   *See* Minute Order (June 2, 2021).   The Court shall not permit Defendant Magruder to further delay his sentencing in this case, and shall require the parties to submit a joint status report proposing next steps for proceeding with sentencing, as indicated in the accompanying Order.

### D. Hearing

Generally, when a defendant seeks to withdraw a guilty plea, "the district court should hold an evidentiary hearing to determine the merits of the defendant's claims." *Taylor*, 139 F.3d at

932. Here, the Court finds that an evidentiary hearing is unnecessary. As detailed above, the Court's conclusions rely on evidence submitted by the Government, whereas Defendant Magruder's claims hinge largely on speculation unsupported by any evidence in the record. An evidentiary hearing, therefore, would not alter the Court's findings.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Magruder's Motion to Withdraw Guilty Plea and **DENIES** Defendant's Motion for an Order to Verizon. Defendant Magruder has failed to show that his plea was tainted or that he has a viable claim of innocence or a cognizable defense to the charge to which he pled guilty. An appropriate Order accompanies this Memorandum Opinion.

**Date**: December 6, 2021

/s/
_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
